```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | : |
| v. | : Civil Action No. DKC 2003-3184 |
| TOWN HOUSE MOTOR INN, INC., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is the unopposed motion by Plaintiff Choice Hotels International, Inc. to confirm an arbitration award (paper 28). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Introduction**

Pursuant to their franchise agreement, Choice Hotels filed a claim against Defendants with the American Arbitration Association seeking damages sustained by Defendants' violation of the agreement. The arbitration award disposed of all claims and awarded Choice Hotels $102,000 for damages, $2,429.04 for attorney's fees and $4,474 for arbitration fees. In March 2007, Plaintiff filed with this court an application to confirm the arbitration award.

By Order of Court dated May 3, 2007, which in part struck the appearance of counsel for Defendants, the corporate defendant, Town

House Motor Inn, Inc., was given until May 21, 2007, to show cause why a default should not be entered against it on Plaintiff's application to confirm arbitration award.  To date, no response has been received.  The individual defendant, Alan G. John, who is now proceeding pro se, has not filed any response to the motion.

**II.  Standard of Review and Analysis**

> Review of an arbitrator's award is severely circumscribed.  Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all-the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.

*Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).  If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a).  That section allows vacating of an award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. § 10(a).  In addition, a court may overturn a legal interpretation of an

arbitration panel if "it is in manifest disregard for the law." *See, e.g. Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award.

By failing to answer or otherwise respond to Plaintiff's application, Defendants have not demonstrated any ground for vacating the award.

**III. Conclusion**

For the foregoing reasons, the motion to confirm arbitration award will be granted and judgment will be entered in favor of Plaintiff and against Defendants in the amount stated in the award[1]. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff's motion misstates the amount awarded by the arbitrator in one minor respect. The motion appears to seek the attorneys' fee award twice, once by adding $ 2,429.04 to the award of damages of $ 102,000 and again separately.